UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA

Plaintiff,

CRIMINAL NO. SA-15-CR-00638 (2)-DAE

KAREN MAE LEE,

Defendant

DEFENDANT'S SENTENCING MEMORANDUM

TO THE HONORABLE DISTRICT JUDGE EZRA:

The Defendant, KAREN MAE LEE, has plead guilty to the Production of Child Pornography, pursuant to 18 U.S.C.A. §§ 2251(a).

Defendant Lee has acknowledged taking five (5) digital images of Co-Defendant, Valentin Gabriel Renko, engaging in sexual activity with a minor child. As stated in the Presentence Investigation Report, the images depicted images of the child "straddling Renko, while he is sitting on a couch with his pants around his ankles".

The above conduct may be fairly considered in the Presentence Investigation Report, Specific Offense Characteristics, regarding the commission of a sexual act or sexual contact. An additional two (2) points are added to the sentencing guidelines.

Defendant Lee objects to Paragraph 26, Specific Offense Characteristics, regarding materiel that portrayed sadistic or masochistic conduct. If the Court makes such a finding, it will add four (4) points to the sentencing guidelines. Defendant argues that the images at issue do not capture sexual intercourse or sexual penetration of the minor child as required to be considered sadistic or masochistic conduct.

Section 2G2.1(b)(4) applies when the "offense involved material that portrays considered sadistic or masochistic conduct or other acts of violence". The sentencing guidelines do not define the term "sadistic". Federal courts have considered Webster's definition of sadism, "the infliction of pain upon a love object as a means of obtaining sexual release," and the "delight in physical or mental cruelty" and the use of "excessive cruelty." United States v. Lyckman, 235 F3d 234, 237 (5th Cir 2000).

In United States v. Corp, 668 F3d 379 (6th Cir), the Sixth Circuit vacated a sentencing enhancement for production of and possession of pornographic materials depicting sadistic or masochistic conduct because the trial court only considered the victim's testimony concerning the defendant's conduct rather than the actual content of the images. The Sixth Circuit held that a sadistic or masochistic determination is objective and limited to "the contents within the four corners of the image".

Defendant argues that the images at issue, within the four corners of the images, do not capture sadistic or masochistic conduct or other acts of violence. Therefore, Defendant argues that the four (4) point sentencing enhancement should not be applied in her case.

Respectfully submitted,

Jon R. Disrud

13750 San Pedro

Ste. 290

San Antonio, Texas 78232

Tel: (210) 494-6633

Fax: (210) 494-6640

By: /S/ ______________________

Jon R. Disrud

Attorney for Defendant

**State Bar No. 00788941**

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Sentencing Memorandum was filed electronically, as required.

/S/ ______________________

JON R. DISRUD