**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT of TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES of AMERICA,** | § | |
| | § | |
| **Plaintiff-Respondent** | § | **Civil Action** |
| | § | **No. SA-17-CA-1042-DAE** |
| **v.** | § | |
| | § | **Criminal Case** |
| **KAREN MAE LEE, BoP # 574-09-380,** | § | **No. SA-15-CR-638(2)-DAE** |
| | § | |
| **Defendant-Movant** | § | |

# DISMISSAL ORDER

Before the Court is Defendant Karen Mae Lee's 28 U.S.C. § 2255 Motion to Vacate Federal Sentence (Docket Entry # 98).

**I.**

Defendant Lee pleaded guilty to production of child pornography in violation of 18 U.S.C. § 2251(a), and was sentenced to 240 months. The Judgment and Commitment Order was entered April 28, 2016. Lee's § 2255 Motion contends: her attorney was ineffective in his investigation of the case and in counseling Defendant; and this Court erred applying Sentencing Guideline enhancements.

**II.**

**- A -**

District courts are permitted to consider, sua sponte, the timeliness of a motion to vacate federal sentence. *See Day v. McDonough*, 547 U.S. 198, 209, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006). Lee's § 2255 Motion is barred by § 2255(f) which provides "[a] 1-year period of limitation shall apply to a motion under [§ 2255]." Defendant's conviction became final on May 12, 2016, fourteen days after entry of the Judgment of conviction when her time to appeal to the court of appeals expired. *See* Fed. R. App. P. 4(b)(1)(A). There was more than a fifteen month interval

between the time Defendant's conviction became final and the filing of her § 2255 Motion dated and deemed filed August 8, 2017, and thus her Motion was not filed within one year after her conviction became final and is untimely.

Defendant contends her untimely Motion should be excused because her lawyer told her she waived her right to appeal pursuant to the Plea Agreement and an appeal would be futile. Pursuant to the Plea Agreement, Defendant did *waive her right to appeal* or collaterally challenge her sentence except for claims involving ineffective counsel and prosecutorial misconduct, however ineffective counsel claims cannot generally be raised on direct appeal and Defendant does not assert any basis for a prosecutorial misconduct claim. Therefore counsel's statement that she waived her right to appeal was accurate, and Defendant failed to explain why this should excuse her untimely § 2255 Motion.

Lack of representation, lack of legal training, ignorance of the law, and unfamiliarity with the legal process do not justify equitable tolling. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008). Defendant does not allege newly discovered facts that could not have been previously discovered with the exercise of due diligence and fails to assert any other basis for excusing her failure to timely file her § 2255 Motion, and therefore Defendant's Motion is untimely and barred.

**- B -**

In any event, Defendant's § 2255 Motion is also meritless.

Section 2255 provides for relief where:

> the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

Relief in a proceeding collaterally attacking a sentence under § 2255 is limited to situations involving "`transgressions of constitutional rights and for that narrow compass of other injury that

could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *U.S. v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996).

Rule 2 of the Rules Governing § 2255 Proceedings requires that the motion set forth the grounds for relief and "shall set forth in summary form the facts supporting each of the grounds." Section 2255 requires that the district court grant an evidentiary hearing on a movant's claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." A hearing is not required on claims based on unsupported generalizations, *U.S. v. Guerra*, 588 F.2d 519, 521 (5th Cir.1979), *cert. denied*, 450 U.S. 934 (1981), conclusory or speculative claims, *U.S. v. Martinez*, 181 F.3d 627, 628 (5th Cir. 1999) (vague and conclusory allegations not sufficient to trigger a hearing or response from the Government); *U.S. v. Fishel*, 747 F.2d 271, 273 (5th Cir. 1984) (conclusory and speculative allegations not sufficient to warrant a hearing), or claims decided on direct appeal, *U.S. v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981), *cert. denied*, 456 U.S. 934 (1982).

The record shows Lee's guilty plea was knowing and voluntary. A valid plea waives all pre-conviction non-jurisdictional defects. *See Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). Therefore Lee's pre-conviction claims were waived pursuant to her plea.

Moreover, Lee's general allegation that her lawyer was ineffective for failing to investigate the case and counsel her is vague and conclusory because she fails to allege how she was prejudiced. "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue" in a § 2255 proceeding. *See U.S. v. Woods*, 870 F.2d 285, 287 (5th Cir. 1989).

Lee's claims that the enhancements were improperly applied are without merit. At sentencing defense counsel objected to application of Sentencing Guideline § 2G2.1(b)(4)(A) which provides an enhancement for "sadistic" images. The photos at issue showed an adult male engaging in intercourse with a twelve year old child. The courts have held such depictions are sadistic within

the meaning of Sentencing Guideline § 2G2.1(b)(4)(A). *See U.S. v. Lyckman*, 235 F.3d 234, 240 (5th Cir. 2000), *cert. denied*, 532 U.S. 986 (2001). The photos showed penetration and thus the enhancement pursuant to Sentencing Guideline § 2G2.1(b)(2)(A) for depictions of "sexual acts or sexual contact" was warranted. Sentencing Guideline § 2G2.1(b)(1)(B) provides for an enhancement where the victim was at least twelve years old but younger than sixteen years old. At sentencing Defendant Lee claimed she believed the victim was at least eighteen years old. However, as this District Judge stated at sentencing, the girl in the photos is obviously a minor or no more than fourteen or fifteen years old, and thus the § 2G2.1(b)(1)(B) enhancement was warranted.

**III.**

Rule 4(b) of the Rules Governing § 2255 Proceedings states "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Accordingly, Defendant Lee's § 2255 Motion to Vacate Federal Sentence (Entry # 98) is **DENIED** and **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED** as moot. Defendant failed to make "a substantial showing of the denial of a federal right" or a substantial showing this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22, *see Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), and therefore this Court **DENIES** Defendant a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2255 Proceedings.

**DATED:** November 28, 2017

**DAVID A. EZRA**
**Senior United States District Judge**