In The United States District Court
For The Western District of Texas
San Antonio Division

Karen Mae Lee
Plaintiff

V.

Criminal Case No: SA-15-CR-638 DAE

United States of America,
Defendent

28 U.S.C § 2241 Motion to, set aside, vacate and remand for resentencing; and 1867(e)

Now Comes, Karen Mae Lee, here on known as the plaintiff seeking relief under 28 USC § 2241, and can and will show such total ineffectiveness of her court appointed counsel, therein violating the Plaintiff's Sixth Amendment Rights of Due Process. Lee will also show by false statements prosectorcial misconduct, misstatement to which compromised the Courts and counsel by removal of the Constitutional safeguards and oppressively causing the misguided plaintiff as a laymen to be forced into signing of falsehood of a plea.

The plaintiff has unknowingly signed and plea to the court # two (2), stated as 18 United States Code Section 2251 (a), a crime of Production of Child Pornography.

Plaintiff Lee, was given counsel named Jon R. Disrud. Counsel never showed the plaintiff a copy of the indictment against her, only stated that she needed to do what he said and not to ask any questions.

When the plaintiff attempted to tell court appointed counsel the true events and how she truly held zero knowledge of the young ladies age and that she was in fact so much under the affects of drugs that while questioned she only could repeat what she was told by the agent.

At that point counsel was appointed to this plaintiff It was solely counsels duty to "only" be on the side of the plaintiff Lee as her Constitutional rights promise. The assistance of counsel in connection with a plea of guilty is vital to an accused. Williams V. Kaiser, 323 US 471, 475, 89 L. Ed 398, 402, 65 S. Ct. 363. Roe V. Flores-Ortega, 528 US. 470, 481, 120 S Ct 1029, 145 L. Ed. 2d 985 (2000) a defendent raising such a claim can demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different". Id., at 482, 120 S. Ct. 1029, 145 L. Ed. 2d 985. Clearly counsel for this plaintiff had no concern for the plaintiff's rights and did not wish to defend this plaintiff. Statements made to the plaintiff insured the misguided trust while overpowering the plaintiffs will and by telling the plaintiff, "she was no good and not educated enough to understand how

how the courts worked." "Just let me handle things and maybe if you had not used so much meth, you'll get some clear headed thoughts." "I won't be doing any investigations." "You are going to sign what plea the government offers period".

Undivided Allegiance and Faithful, devoted services to a client are prized traditions of the American Lawyer! It is this kind of service for which the Sixth Amendment makes provision. And nowhere is this service deemed more honorable than in case of appointment to represent an accused too poor to hire a lawyer, even though the accused maybe a member of an unpopular or hated group, or maybe charged with an offense which is peculiarly abhorrent.

Our country and its courts pride their wording to sign and sing the rights under which every person is given. Yet, this plaintiff was treated post horrendously.

In the case of Von Moltke V. Gillies, 92 L.Ed.309 it is said "He needs counsel and support" if he is not to become the victim first of "fear" then of "Panic". He needs someone on whom to lean lest the overbearing presence of the law as he knows it "crush him".

A plea of guilty made by one who does not understand the nature of the charge or the elements of the offense for which he has been indicted and made under a misapprehension as to material facts (which could or might have been corrected by assisting counsel)

is not a free and voluntary admission of guilt or a valid waiver of the right to have the assistance of counsel. See Parker V. Johnston (DC CAL) 29. F. Supp. 829, and McDonald V. Johnston (DC CAL) 62 F. Supp. 830. See: Lee V United States, 825 F.3d 311, 313 (CA 6 2016) inadequate counsel.

Had counsel informed Lee that she held the right to fight the very indictment and would have explained the indictment along with elements, the plaintiff would have sought to file a motion under 1867 (e) to dismiss the indictment. Counsel's failure to inform Lee of the very information in which the plaintiff was charged, blocked the plaintiff from all of her due process rights.

There are many false statements made throughout that the plaintiff could have used her rights to trial, Counsel refused any talks of trial.

When we look at the indictment we see that the charges are false and by placing such hated prejudiced charges the plaintiff not being afforded the right to defend herself.

Page (one) of (two) of the indictment holds under 18 USC § 1591 (a) said that Karen Lee did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain and maintain, by any means, a person.... and did cause A.T. to engage in a commercial sex act, knowing that the A.T. had

not attained the age of 18 years.

Reading this now, plaintiff clearly told the officers, counsel, government and courts that she truly did not have knowledge of A.T.'s age, in fact AT came over with Lee's co-defendent and co-defendent had texted Lee that he was bringing his "home girl", alluding that he knew her well and was with her. The plaintiff never had anything to do with AT having sex with any person, and had evidence to show that the AT was engaging in prostitution activity before ever meeting the plaintiff and was practiced in the art of lying and showing herself as older than she was. Evidence was never allowed to be shown by the plaintiff to the courts to show that she was not the monster the government and her own counsel called her.

So the government threatening the plaintiff with count one the government knew that the charges were false and that they had no evidence to the facts. Misleading a court and grand jury to gain a conviction is abuse of our court system.

Chapter Seven of Grand Jury Issues (A) The independence of the grand jury.

The grand jury must be both independent and informed; independent of the prosecutor and the court, and informed of the evidence. "The grand jury is a constitutional of in its

own right, belonging to neigher the executive nor the judicial branch." United States V. Udzieh is essential if it is to protect innocent persons against hasty or misguided prosecutions.

The constitutional provision is, as has been said, for the benefit of the accused. United States V. Cox, 342 F. 2d 167, 170 (5th cir. 1965) (footnote omitted). With protection that should have been offered by plaintiff's court appointed counsel, this plaintiff would have seen her indictment and her counsel should have presented evidence and witnesses on the behalf of the plaintiff, proving she held no knowledge of the age of the girl and that she herself was abused by her co-defendant and was a suffering drug addict herself and was not the true knowing co-conspirator the government moved to make her. The government knew that Count two was not true fact by its own wording shown here:

Count Two: 18 U.S.C. § 2251 (a)

On or about the 2nd day of July 2015 within the Western District of Texas, Defendent Valentin Gabriel Renko and Karen Mae Lee did employ, use, persuade, induce, enticed, and coerce a minor, A.T. to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and which visual depiction was produced using materials that had been mailed, shipped and

transported in and affecting interstate and foreign commerce, in violation of Title 18 United States Code, Section 2251(a)
The above is found on page 2 of 2 of the indictment (Doc # 26)

Reading this count there are proveable mis-statements, and conduct that was known by the government and FBI agents along with counsel for the plaintiff, to be plain error and lies. Such as follows:
Statement: (A) did employ, use, persuade, induce, entice, and coerce...
(Fact): The plaintiff was in fact not in the living room when the co-defendent began having sex with A.T., she had gone in the bedroom/bathroom and upon reentering the living room, Lee walked in on A.T. and co defendent engaged in sex on her sofa. (So knowledge of this act was after the two were already engaged with the act)
The words used lead to she aided
1) induced - to bring about or persuade
2) entice - tempt
3) Coerce - to force
4) use - act of practice, of putting something into action
5) ~~employ~~ - use or occey

Words 1-5 listed are listed with their meanings

by the Merriam-Webster Dictionary new edition.

As the plaintiff was led to believe these two were dating and while high on meth reentered her living room, they both smiled at her. She the plaintiff never had any of the words used by this staute in accordance with her actions. Further more, when the co-defendent texted her while engaged in sexual intercourse, with A.T. straddling his lap on the sofa, for her to take a few sexy pictures, she had no idea they were anymore then for the two of them.

The plaintiff was also high and this man, a abusive drug dealer, whom the plaintiff was supplied drugs by, asked her to do something, it was not meant as a request, but a demand.

Going on into the wording of the staute in ct two:

Stated: (1) for the purpose of producing a visual depiction of such conduct, and which visual depiction was produced using materials that had been mailed, shipped, and transported.

The government and counsel knew that this was also in fact a lie on Lee.

Lee has never produced the depictions and they in fact had never been mailed, shipped, or transported. Lee had deleted the images and never posted or shared them and these words do not apply to this plaintiff.

As stated by the court, honorable Judge Ezra page 21 of sentencing transcripts line (17-25) " Now, I have to say that the fact that she took these pictures was bad. There's no question about that. But, like anything else, there is a ray of humanity in that she did delete them. She did delete them from her phone, or she thought she deleted them. They could be recovered. But she did delete them. She didn't share them. And that's important. Unfortunately, apparently, there were other photographs taken at other times, maybe not by her, of the girl engaged in sexual activity that were published and-- but I can't punish her for (move to page 22 line 1-3) that activity. That wasn't her. At least we don't have any evidence, and I can't decide these cases predicated on evidence which is not before me.

Plainly the judge says here that he knows this plaintiff did not share, mail, publish, etc these images and in fact tried to get rid of them. Count two clearly states produced materials that had been mailed etc.

The other photographs were taken before the plaintiff met A.T. and A.T. was posting herself as 18 years old before meeting the plaintiff on websites that are for sexual hook ups and that plainly states 18 years

old and older; see ~~exhbit~~ exhbit (1)
Page 22 of sentencing transcripts line (18-19)
States by Judge Ezra:
"drugged up, with this five year old being dragged around with her to her drug activities and to her liaisons with men."
Here this is what he states is the reason for her very serious sentence. These where never mentioned inside her Ct two in which she pled unknowingly to.
The plaintiff was unfairly treated and unfairly sentenced due to the court clearly states the pictures were not shared.
The plaintiff never knowingly engaged in production of child pornography.
A vacate is the only thing justice can allow.

Upon counsel presenting the plea deal to the plaintiff, he simply slid one page to her, and that was only the back page where she was to sign. Counsel stated "Sign this so we can get you home sooner, you're only agreeing that you took the pictures"
How unprofessional and what a abuse and malice treatment to a client. Due process was striped away.
Counsel allowed the government to use such words as found on page 4 of sentencing transcript

(1) Masichistic - pleasure in being abused
(2) Sadistic - delight in cruelty
That was cruelty in its own right.
The enhancement of four levels in zero way reflects even the judges own statements.

By Websters dictionary this plaintiff nowhere delighted in cruelty nor found pleasure in abuse of the A.T., the plaintiff had one day a few hours within she took pictures she thought of a girl with the drug dealer whom was as he stated his "homegirl". As these stautes are worded if the plaintiff would have had loyal counsel who investigated, she would have never have signed this plea,
She was ordered by counsel to agree and say yes all through sentencing and even as she spoke she restated truthfully that she did not have preknowledge of the girls age. See page 12 of sentencing transcript line (11-14)
Stated: My co-defendent brought the victim to my apartment, and I didn't know her age, I would have never done what I did if I had known her age.
The government says she should have. How can the government make such a statement when the judge could not even tell her young age by the photographs. This girl was use to lying about her age to have sex for money, and the plaintiff was not of solid thinking at that point
On page 15 of the sentencing transcript the governments false statement on line (8-9)

Stated: because of some of the additional relevant conduct with regards to the sex trafficking.
For the government to make a plain misstatement of the conduct, misleads readers and the courts, gaining such prejudice to the plaintiff that her sentence will be greater.
Further damning misconduct of statement was on page 14 of sentencing transcript line (21-22)
"But absolutely willing and eager to take advantage of a human being for her own benefit"
Such a misdirection to her behavior leaves the courts to forget that, pictures that she pled only to taking (as she was explained by counsel) pictures which was proven where never meant to publicly send out nor did she.
This sentence was issued outside of the staute and the plaintiff was known not guilty of the wording used in the staute.
The plaintiff prays the court see's the misjustice and correct this sentence.

Conclusion

Our country and government has stood for the rights of all of our people no matter how they are portrayed by others. To have to go into defending your life against well trained lawyers with no help only counsel that sides solely with the prosecution, tears apart the core of our justice system.

Using wording no lay person could understand, while standing in open court with out aide of your hearing aides, because counsel wanted you to remain quiet without questions to what was being said. How can a judge of honor and integrity stand by an condone such acts?

Public reputation of our justice system must be upheld with slandering a defendent with comments known to be false, simply because the prosecutor knows that the court will not look beyond his words for any other truths.

So the court is now sitting misinformed just as the grand jury. But even as illegal of acts that this is, warranting the dismissal of the conviction and indictment under 1867(e). Failure to protect by court appointed counsel is just as much a crime. If this was not a wrongful act we would not have motions such as 2255, 2241, and such.

The pro se plaintiff moves for her illegal sentence to be vacated, remanded and or her 1867(e) be granted and the convictions thrown out. And the plaintiff request a hearing on all the above, to shown even more cause and evidence including but not limited to video and phone evidence that proves the lies by the government.

Humbly,
Karen Mae Lee

# Certificate of Service

I Karen Mae Lee, Plaintiff have provided the true and exact copy of the motions here into the Western District of Texas San Antonio Division and a exact copy was sent in United States Mail with correct postage.
On the 8th April 2020

Humbly submitted by,
Karen Mae Lee

Pro Se
Plaintiff

exhbit(1)

# Creating a Skout Account

To access and use the Services, you will need to register and create an account (your "Account"). You can do this by providing an email address and password or through your account with Facebook. When creating an Account, you will be required to provide certain personal information about yourself, including your age. If you choose to register your Account using your Facebook account, we will extract certain personal information from your Facebook account, such as your name, age, email address and other personal information that your privacy settings on your Facebook account permit us to access.

It's important that you provide us with accurate, complete and up-to-date information for your Account, and you agree to update such information, as needed, to keep it accurate, complete and up-to-date. It is especially important that you are truthful when identifying your age. Your profile may be deleted, and your Account may be terminated without warning, if we believe that you are under 18 years of age.

You agree that you won't disclose your Account password to anyone and you'll notify us immediately of any unauthorized use of your Account. You are responsible for all activities that occur under your Account, whether or not you know about them.